# EXHIBIT B

| | |
|---|---|
| District Court, Denver County, Colorado<br>Court Address:  **1437 Bannock St.**<br>*Denver, CO 80202.*<br><br>JOSEPH RADTKE,<br>        Plaintiff<br><br>v.<br><br>TRANSUNION, LLC,<br>        Defendant | FILED IN DENVER<br>DISTRICT COURT<br>DENVER, COLORADO<br><br>DATE FILED: April 6, 2021<br>CASE NUMBER: 2021CV166<br>2021 MAY 2' 22<br><br>▼   **COURT USE ONLY**   ▼<br><br>Case Number:<br>21CV166<br>Division:          Courtroom: 414 |
| **COMPLAINT** | |

Plaintiff, Joseph Radtke, for his complaint against Defendant, Transunion LLC, respectfully sets forth, complains, and alleges, upon on information and belief,
the following:

1.  Plaintiff brings this action for damages arising from Defendants violations of 15 U.S.C. § 1681 et seq., commonly known as the Fair Credit Reporting Act ("FCRA").

2.  Plaintiff is a resident of the state of Colorado residing at 4899 S Dudley St H7, Denver, CO 80123.

3.  Plaintiff is a "consumer," as that term is defined under 15 U.S.C. § 1681a(c).

4.  At all times material hereto, Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in Colorado.   Defendant Trans Union is a Delaware corporation not registered to do business in Colorado.  Its registered agent is The Prentice-Hall Corporation System, Inc.

5.  At all times material hereto, TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of "furnishing" consumer reports to third parties, as said term is defined under 15 U.S.C. § 1681d.

6.  At all times material hereto, TransUnion disbursed consumer reports to third parties under a contract for monetary compensation.

7.  On information and belief, on a date better known to Defendant TransUnion, Defendant prepared and issued credit reports concerning Plaintiff that included inaccurate information regarding the following accounts:
.        CW NEXUS CREDIT CARD
         CHASE MORTGAGE
         4 SALLIE MAE accounts
         US DEPT OF EDUCATION
         LVNV FUNDING
         BEST SERVICE COMPANY

8.  Defendant has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to

21CV166-
U1
NA

various persons and credit grantors, both known and unknown.

9.  Plaintiff notified Defendant that he disputed the accuracy of the information Defendant was reporting, on or around June 14, 2020, specifically stating in a letter sent to Defendant he was disputing the reporting of the aforementioned inaccurate accounts.

10.  Despite Plaintiff's dispute that the information on his consumer report was inaccurate concerning the disputed accounts, Defendant did not evaluate or consider any of Plaintiff's information, claims, or evidence. They did not attempt to verify the derogatory information concerning the disputed accounts reasonably.

11.  Defendant violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed accounts within 30 days of receiving Plaintiff's dispute letter.

12.  Defendant's erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

13.  As a result of Defendant's conduct Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION
(Willful Violation of the FCRA )

14.  Plaintiff incorporates by reference paragraphs 1-13 of this Complaint as though stated fully herein with the same force and effect as if the same were set forth at length herein.

15.  This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

16.  Defendant TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports.

17.  Defendant TransUnion has willfully and recklessly failed to comply with the FCRA. Defendant's failure to comply with the FCRA includes but is not necessarily limited to the following:
   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information it reported;
   b) The failure to correct erroneous personal information regarding Plaintiff after Plaintiff requested its removal;
   c) The failure to remove or correct the inaccurate and derogatory credit information aft   er Plaintiff requested its removal;
   d) The failure to promptly and adequately investigate information Defendant TransUnion had notice was inaccurate;
   e) The continual placement of inaccurate information into Plaintiff's credit report after Plaintiff advised Defendant that the information was inaccurate;
   f) The failure to promptly delete information that was found to be inaccurate, could not be verified, or that Defendant was advised to delete;
   g) The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in Plaintiff's credit report.

18.  As a result of the conduct, action, and inaction of Defendant, Plaintiff suffered damages including loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

19.  Defendant's conduct, action, and inaction were willful, rendering Defendant liable for actual, statutory, and punitive damages in an amount to be determined by a Judge or Jury pursuant to 15 U.S.C. § 1681n.

20.  Plaintiff is entitled to recover reasonable costs and attorneys'fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joseph Radtke, demands judgment in his favor against Defendant, for damages together with attorneys'fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA)

21.  Plaintiff incorporates by reference paragraphs 1-13 of this Complaint as though stated fully herein with the same force and effect as if the same were set forth at length herein.

22.  This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

23.  Defendant violated 15 U.S.C. § 1681i by failing to delete the inaccurate information from Plaintiff's credit file after receiving actual notice of inaccuracies, failing to conduct a reinvestigation, and failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

24.  Defendant has negligently failed to comply with the FCRA. Defendant's failure to comply with the FCRA includes but is not necessarily limited to the following:
   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;
   b) The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;
   c) The failure to remove or correct the inaccurate and derogatory credit information after a reasonable request by Plaintiff;
   d) The failure to promptly and adequately investigate information which Defendant TransUnion had notice was inaccurate;
   e) The continual placement of inaccurate information into Plaintiff's credit report after Plaintiff advised Defendant that the information was inaccurate;
   f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or Defendant was advised to delete;
   g) The failure to take adequate steps to verify information, which Defendant had reason to believe, was inaccurate before including it in Plaintiff's credit report\   56.

25.  As a result of the conduct, action, and inaction of Defendant, Plaintiff suffered damages including loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

26.  Defendant's conduct, action, and inaction were negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681o.

27.  Plaintiff is entitled to recover reasonable costs and attorneys'fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joseph Radtke, demands judgment in his favor against Defendant for damages together with attorneys'fees and court costs pursuant to 15 U.S.C. § 1681n

# PRAYER FOR RELIEF

WHEREFORE,  Plaintiff demands judgment from Defendant as follows:

a)
For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for
each negligent violation as alleged herein in the amount of $20,000;

b)
For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) in the amount of $9,000;

c)
For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) in the amount of $50,000;

d)
For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3) and 15
U.S.C. § 1681o(a)(2);

and

f)
For any such other and further relief, as well as further costs, expenses and
disbursements of this action as this Court may deem just and proper.

Dated: _April 6, 2021_____

Joseph Radtke,  Plaintiff

4899 S Dudley St  H7
Denver, CO 80123
7202335078